UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| SHARON KAY SHIPLEY, | ) | |
| | ) | No. CV-09-3025-JPH |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING DEFENDANT'S |
| v. | ) | MOTION FOR SUMMARY JUDGMENT |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on January 8, 2010 (Ct. Recs. 15, 22). Attorney D. James Tree represents Plaintiff; Special Assistant United States Attorney Terrye Shea represents the Commissioner of Social Security. The parties have consented to proceed before a magistrate judge (Ct. Rec. 8.) Plaintiff filed a reply on December 28, 2009 (Ct. Rec. 25). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 22) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 15).

**JURISDICTION**

Plaintiff protectively filed an application for disability insurance benefits (DIB)(Tr. 95-96) and for supplemental security income (SSI) benefits on July 28, 2005 (Tr. 382-385), alleging disability as of December 30, 2004. The applications were denied

initially and on reconsideration. (Tr. 80-81 -- DIB; Tr. 84-87 -- SSI).

Administrative Law Judge (ALJ) Riley J. Atkins held a hearing on May 14, 2008. Plaintiff, represented by counsel, and vocational expert Kathryn Heatherly testified (Tr. 29-58). The Commissioner acknowledges even though plaintiff had requested a hearing on both her SSI and DIB claims at the same time, the ALJ issued an unfavorable decision on the DIB claim alone, on June 11, 2008 (Ct. Rec. 23 at 7,9 referring to the ALJ's decision at Tr. 17-26). The Appeals Council denied review on December 31, 2008 (Tr. 5-8). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on February 26, 2009 (Ct. Rec. 1,4).

**STATEMENT OF FACTS**

The facts have been presented in the administrative hearing transcripts, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are summarized here.

Plaintiff was 54 years old at the hearing (Tr. 32). She has a high school education and earned an associate's degree in paralegal studies in April of 2006, with honors (Tr. 32-33). Plaintiff has worked as a records clerk, underwriter, an in customer service (Tr. 50-51). Plaintiff testified she has suffered from depression "pretty much all of my adult life" (Tr. 40). Beginning in late 1997, plaintiff began caring for her two granddaughters in the home she shares with her husband because

their daughter was unable to care for them (Tr. 43-44).  Prior to plaintiff's date last insured, she cared for the girls, then approximately ages 8 and 11 (Tr. 44).  At times this included overseeing their home schooling, Mary Kate in the fall of 2005, and Angelica for one year in 2006-2007 (Tr. 47-49).  Plaintiff worked online 4-6 hours and at times 6-8 hours daily, with breaks, from 2003 until April of 2006, a period after onset and prior to her date last insured, to earn her associate's degree (Tr. 46-47).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy.  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  Thus, the definition of disability consists of both medical and vocational components.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520, 416.920.  Step one determines if the person

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 3 -

is engaged in substantial gainful activities.  If so, benefits are denied.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied.  If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 4 -

416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

At the outset the ALJ found plaintiff was insured for DIB

purposes through December 31, 2005 (Tr. 19).  At step one he found
plaintiff has not engaged in substantial gainful activity since
onset (Tr. 18).  At steps two and three, the ALJ found that
plaintiff suffers from obesity, diabetes mellitus, and
depression, in partial remission, impairments that are severe but
which do not alone or in combination meet or medically equal a
Listing impairment (Tr. 19).  The ALJ found plaintiff less than
completely credible (Tr. 21).  At step four, relying on the
vocational expert, the ALJ found plaintiff is able to perform her
past relevant work as a records clerk, customer service
representative, and underwriter (Tr. 25).  Because  plaintiff can
perform past relevant work, step five was unnecessary.  The ALJ
found plaintiff is not disabled as defined by the Social Security
Act (Tr. 25-26).

**ISSUES**

Plaintiff first alleges the ALJ erroneously failed to
consider her concurrently filed SSI and DIB claims together.  The
ALJ addressed the only DIB claim.  She asks the Court to order, at
a minimum, remand for consideration of both claims (Ct. Rec. 16 at
12-13).  The Commissioner's answer is two-fold: (1) the Court
lacks jurisdiction because there has been no final agency decision
on the SSI claim, and (2) plaintiff failed to exhaust her
administrative remedies as required (Ct(Ct. Rec. 23 at 2,7-11).

Next plaintiff alleges the Commissioner erred as a matter of
law when he failed to properly weigh the evidence of psychological
and medical limitations, and fully develop the record. Last,
plaintiff asserts the ALJ erred when he failed to include all of

her limitations in the hypothetical question he asked the VE (Ct. Rec. 16 at 10). The Commissioner answers because the ALJ performed each task properly, the Court should affirm (Ct. Rec. 16 at 12-13).

**DISCUSSION**

A. Jurisdiction

Absent a final agency decision with respect to plaintiff's SSI claim, the Commissioner is correct the Court lacks jurisdiction to reverse and remand for the ALJ's failure to consider the SSI and DIB claims simultaneously. See 42 U.S.C. § 405(g) and (h).

20 C.F.R. § 416.1429 provides that an applicant dissatisfied with the reconsideration determination may request a hearing before an ALJ. Here, after the reconsideration stage by the agency, plaintiff requested a hearing on both the DIB and SSI claims. The parties agree that at the hearing and in his written decision, the ALJ repeatedly and specifically limited his consideration to the DIB claim (Ct. Rec. 16 at 13, Ct. Rec. 23 at 9). The parties are correct. At the beginning of the hearing the ALJ stated:

"This is only a Title II case, it's a Disability Insurance Benefits case. Your date last insured is December 31, 2005." In response, counsel[1] pointed out there was a "long break in her [plaintiff's] employment," and did not correct the ALJ's apparent mistake (Tr. 30). The ALJ asked plaintiff questions relating to

---

[1]Plaintiff's counsel on appeal is not the same as at the hearing.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 8 -

the relevant DIB time frame and directed counsel to do the same.
Counsel complied without comment and did not mention the SSI claim
(See Tr. 36, 38-40, 45-48).

An applicant dissatisfied with an ALJ's decision may seek
review by the Appeals Council (20 C.F.R. § 416.1467).  Judicial
review is limited to consideration of the Commissioner's final
decision (C.F.R. §§ 416.1481; 422.210).  Plaintiff sought review
but the Appeals Council had no final decision by an ALJ on the SSI
claim to review.  Because the Court's review is limited to final
agency decisions, and there is not yet such a decision on the SSI
claim, the Court lacks jurisdiction to consider plaintiff's SSI
claim or to remand on the basis plaintiff asks.

B. Standards for weighing opinion evidence

In social security proceedings, the claimant must prove the
existence of a physical or mental impairment by providing medical
evidence consisting of signs, symptoms, and laboratory findings;
the claimant's own statement of symptoms alone will not suffice.
20 C.F.R. § 416.908.  The effects of all symptoms must be
evaluated on the basis of a medically determinable impairment
which can be shown to be the cause of the symptoms. 20 C.F.R. §
416.929.  Once medical evidence of an underlying impairment has
been shown, medical findings are not required to support the
alleged severity of symptoms.  *Bunnell v. Sullivan*, 947, F. 2d
341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight
because of familiarity with the claimant and the claimant's
physical condition.  *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 9 -

Cir. 1989).  However, the treating physician's opinion is not "necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989) (citations omitted).  More weight is given to a treating physician than an examining physician. *Lester v. Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart*, 379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.  If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th Cir. 1995).

C. Psychological limitations

At step two, the ALJ found depression is plaintiff's sole severe psychological impairment (Tr. 19).

Plaintiff alleges the ALJ erred by rejecting without explanation a diagnosis rendered in November of 2005, one month

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 10 -

before her date last insured, by examining psychologist Lawrence
Lyon, Ph.D. (Ct. Rec. 16 at 14-15, referring to Tr. 192-197).  As
the Commissioner correctly observes, the ALJ assessed three
psychological limitations, all consistent with Dr. Lyon's opinion
(Ct. Rec. 23 at 11-14).  The ALJ found plaintiff's ability to
maintain concentration for extended periods, interact with the
public, and respond appropriately to changes in the work setting
are moderately limited by depression (Tr. 20-21).  These
limitations are consistent with Dr. Lyon's opinion and test
results.

Plaintiff apparently argues the ALJ should have adopted all
of Dr. Lyon's diagnosed conditions.  In addition to depression,
Dr. Lyon diagnosed rule out bipolar disorder, nos, generalized
anxiety disorder, and social phobia, provisional (Ct. Rec. 16 at
14-15, referring to Tr. 196).  Plaintiff alleges the ALJ
additionally erred by failing to adopt these additional diagnoses
essentially repeated by reviewing psychologist James Bailey, Ph.D.
(Ct. Rec. 16 at 14-15), referring to Tr. 205, 207).  The
Commissioner answers the ALJ's  step two finding plaintiff's sole
severe psychological  impairment is depression, and his RFC which
includes three  moderate impairments attributable to depression,
are both fully supported by the record (Ct. Rec. 23 at 11-12).  To
the extent plaintiff argues the ALJ should have accepted Dr.
Lyon's rule out diagnoses of bipolar disorder, nos, generalized
anxiety disorder, and social phobia, provisional, the record does
not support her argument.  Even if the ALJ accepted the additional
diagnoses, there is no evidence they would have caused more than a
minimal impact on plaintiff's ability to work, as discussed more

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

fully below; as a result, error if any by the ALJ with respect to this issue is harmless.

The ALJ relied on several factors when he determined plaintiff's mental RFC during the relevant period. He observed plaintiff earned a GPA of 4.0 in college courses, working online between 4 and 8 hours daily, with breaks. At the same time, she continued raising two grandchildren, approximately ages 8 and 11 during the relevant period, with her disabled husband in their home. The ALJ noted plaintiff told Dr. Lyon about five weeks before her date last insured she wanted to do a lot of research working as a paralegal after she finished her current online associate's degree program in paralegal studies (Tr. 23-24). These reasons are supported in the record. The evidence does not support plaintiff's allegations of more severe psychological impairments.

Additionally, the ALJ adopted *greater* limitations than Dr. Bailey. As noted, the ALJ assessed moderate limitations in three areas (Tr. 21). Dr. Bailey, on the other hand, assessed solely of a moderate limitation in social functioning (Tr. 212). Plaintiff further fails to note Dr. Bailey opined she is not fully credible due to an allegedly poor ability to persist, a complaint contradicted by the ability to spend a great deal of time caring for two children and attending college online, both activities more consistent with the ability to work than with disabling impairment (Tr. 200).

When the ALJ weighed the opinions of Drs. Lyon, Bailey, and others, he evaluated plaintiff's credibility and, like Dr. Bailey, found plaintiff less than fully credible (Tr. 21). Credibility

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                         - 12 -

determinations bear on evaluations of medical evidence when an ALJ
is presented with conflicting medical opinions or inconsistency
between a claimant's subjective complaints and diagnosed
condition. *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir.
2005).

It is the province of the ALJ to make credibility
determinations. *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir.
1995). However, the ALJ's findings must be supported by specific
cogent reasons. *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th
Cir. 1990). Once the claimant produces medical evidence of an
underlying medical impairment, the ALJ may not discredit testimony
as to the severity of an impairment because it is unsupported by
medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir.
1998). Absent affirmative evidence of malingering, the ALJ's
reasons for rejecting the claimant's testimony must be "clear and
convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995).
"General findings are insufficient: rather the ALJ must identify
what testimony not credible and what evidence undermines the
claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v.
Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

Some of the factors the ALJ relied on when assessing
credibility include: (1) plaintiff's testimony in 2008 she
suffered chronic diarrhea since 2002 is not fully credible because
medical records do not document these complaints; (2) plaintiff
told Dr. Lyon that in the past, her depression eventually improved
on psychotropic medication, so she stopped taking it; (3) records
show "relatively little mental health treatment during the
relevant period"; and (4) reportedly significant problems with

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 13 -

concentration are undermined by the ability to earn "straight A's"
while obtaining a college degree in paralegal studies, and with
plaintiff's statement (about two months before her date last
insured) she had "some leads for employment" with her new
training.  (Tr. 22-23, citing Tr. 193-195, 244, 250-252, 255.)
The ALJ found plaintiff's activities included  raising two
grandchildren until July of 2007 while simultaneously working
toward earning an associate's degree, and at times volunteering at
school and supervising home schooling.  The ALJ found these
activities undermined plaintiff's claimed disabling limitations
(Tr. 23-24, referring to Tr. 192-193, 195-196).

     The ALJ's reasons for finding plaintiff less than fully
credible are clear, convincing, and fully supported by the record.
*See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir.
2002)(proper factors include inconsistencies in plaintiff's
statements, inconsistencies between statements and conduct, and
extent of daily activities).  Noncompliance with medical care or
unexplained or inadequately explained reasons for failing to seek
medical treatment also cast doubt on a claimant's subjective
complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.
2d 597, 603 (9th Cir. 1989).

     Because the ALJ's RFC is consistent with the limitations
assessed by Dr. Lyon and by his [the ALJ's] credibility
assessment, plaintiff's argument fails.

     Plaintiff next alleges the ALJ failed to properly credit the
opinion of "long-time" treating psychiatrist Kimberly Humann,
M.D., in 2008, that Ms. Shipley's depression prevented her from
sustaining employment (Ct. Rec. 16 at 16-17, 19).  The

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 14 -

Commissioner responds the ALJ correctly gave Dr. Humann's opinions little weight because she began treating plaintiff several months after her insured status expired (Ct. Rec. 23 at 19-21).

The Commissioner is correct. Dr. Humann's treatment began on May 10, 2006, five months after Ms. Shipley's date last insured (Tr. 283). Dr. Humann became "long treating" only well after Ms. Shipley's last insured date. In her first record Dr. Humann noted plaintiff "has been out of treatment health services despite a long history of depression, due to lack of coverage" and has "always done well in school and on the job" (Tr. 283-284).

In the 2008 opinion plaintiff cites, treating therapist Steven Woolpert, M.S., opined plaintiff's mental impairments "combined with significant physical/medical conditions" markedly limited her ability to sustain activity for a "normal workday/workweek" (Tr. 293). In the same report, Dr. Humann agreed with Mr. Woolpert and further opined plaintiff was unable to sustain work due to mental illness, specifically severe depression and anxiety which only partially responded to medication (Tr. 293).

Their report is dated March 11, 2008 -- more than two years after plaintiff's insured status expired (Tr. 291-293). The Commissioner is correct. The ALJ was not required to credit opinions rendered after plaintiff's last insured date with respect to her DIB claim, because the claimant has the burden of proving that he [or she] became disabled prior to the expiration of disability insured status; none of the exceptions apply. *See Flaten v. Secretary of Health and Human Servs.*, 44 F.2d 1453, 1463 (9th Cir. 1995); *Macri v. Chater*, 93 F.3d 540, 545 (9th Cir. 1996).

Plaintiff similarly alleges the ALJ failed to properly credit the opinion of long-time treating therapist Mr. Woolpert (Ct. Rec. 16 at 17-19).  The Commissioner answers because Mr. Woolpert is not an acceptable medical source as defined by the regulations, the ALJ's reasons for rejecting his opinion were appropriately germane (Ct. Rec. 23 at 21-23).

Mr. Woolpert's earliest record, an intake evaluation dated May 27, 2005, is within the relevant period because it took place six months before plaintiff's insured status expired (Tr. 158-161).  Mr. Woolpert opined the effectiveness of prescribed psychotropic medication is "not yet established" (Tr. 160).  He recommended therapy, and assessed two marked plus five moderate limitations (Tr. 159-161).

The ALJ observes in July of 2005, Mr. Woolpert assessed a GAF of 50, indicating serious impairment in social and occupational functioning (Tr. 22, referring to Tr. 264).

One of the reasons the ALJ rejected Mr. Woolpert's assessed limitations is that the therapist relied on plaintiff's level of functioning in 2008 rather than prior to her last insured date of December 31, 2005, as required (Tr. 25, citing Exhibit 9F/133 at Tr. 273).  The ALJ is correct.  Mr. Woolpert notes "[w]ent over mental/emotional, physical problems currently experiencing and how affected her efforts to try out volunteering and home/online job possibilities. Currently feels inadequate to do these kinds of work" (Tr. 273).  As the ALJ also points out, at the same appointment Mr. Woolpert "reported the claimant had a current interest in deferring her school loan based on disability" (Tr.

25, referring to Tr. 273).  As indicated, the ALJ found plaintiff less than fully credible.  Applying even the higher standard applicable to acceptable medical sources, the ALJ's reasons  for rejecting these contradicted opinions are specific, legitimate, and supported by the record.

D. <u>ALJ's duty to develop the record</u>

Plaintiff alleges the ALJ erred by failing to recontact treating psychiatrist Dr. Humann (Ct. Rec. 16 at 16).

As the Commissioner accurately answers, the ALJ is not required to recontact a doctor unless the report is ambiguous or insufficient for making a determination.  (Ct. Rec. 23 at 19-21), citing *Mayes v. Massanari*, 276 F.3d 453,459 (9th Cir. 2001). Because the record is sufficient to determine disability, plaintiff's claim fails.

E. <u>Physical limitations</u>

Plaintiff contends at step two the ALJ should have found she suffers from the severe impairments assessed by her  "longtime" primary care doctor, William Bothamley, M.D., in addition to those he did assess, diabetes mellitus and obesity (Ct. Rec. 16 at 19). Plaintiff alleges the ALJ additionally erred when he rejected Dr. Bothamley's opinion in March of 2008 that pain and fatigue prevent Ms. Shipley from sustaining work on a regular, full-time basis (Ct. Rec. 16 at 19-25, referring to Tr. 294-296).  The Commissioner responds the ALJ's reasons for rejecting this contradicted opinion are specific, legitimate and supported by the record (Ct. Rec. 23 at 15).

Until plaintiff saw Dr. Bothamley on September 23, 2005, about three months before her last insured date, Carolyn O'Connor,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 17 -

M.D., generally treated plaintiff (Id.).  In the Court's view, three months of treatment during the relevant period does not make Dr. Bothamley a "longtime" primary care doctor.

At step two the ALJ found Dr. Bothamley's diagnosed conditions of arthritis, chronic pain, probable sleep apnea and varicose veins in both legs, are not severe (Tr. 19, 22-23).  He observes plaintiff told Dr. Bothamley[2] on October 7, 2005 she had "some leads for employment positions out of town with her new training" and volunteering at her granddaughter's school  (Tr. 23, referring to Tr. 250), indicating her own belief she was able to work and did not suffer the multiple dire conditions assessed by Dr. Bothamley.

On March 17, 2008, Dr. Bothamley opined plaintiff was unable to work due to pain and fatigue, work would cause her condition to deteriorate, physical activity exacerbates pain, and desk work increases upper body pain.  He predicted plaintiff would miss 4 or more days of work each month.  As a result of fatigue, swollen feet, and sleep apnea, plaintiff "has to lie down often" for 20 minutes to two hours (Tr. 294).

The ALJ found Dr. Bothamley's opinion is inconsistent with his own treatment records because the latter do not document significant limitations or treatment during the relevant period, the opinion was rendered more than two years after plaintiff's last insured date, and it is inconsistent with plaintiff's

---

[2]The ALJ mistakenly attributes plaintiff's statements to Dr. Bothamley.  The record shows plaintiff shared news of her employment leads and volunteer activities on October 7, 2005, with Mr. Woolpert rather than Dr. Bothamley (Tr. 250).  The error appears harmless.

extensive activities (Tr. 24, referring to Exhibits 1E, 11F/215-217 and 12F).

Each of the ALJ's reasons is specific, legitimate and fully supported by the record. *See Lester v. Chater*, 81 F. 3d 821, 830-831 (9th Cir. 1995)(the ALJ must make findings setting forth specific, legitimate reasons for rejecting the treating physician's contradicted opinion). The ALJ properly weighed Dr. Bothamley's contradicted opinion.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's assessment of the evidence of plaintiff's physical limitations, including his assessment of her credibility, is supported by the record and free of legal error. Plaintiff's final argument, that the ALJ failed to include all of her limitations when he questioned the VE, is answered by the foregoing analysis.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence.

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 19 -

1      1. Defendant's Motion for Summary Judgment **(Ct. Rec. 22)** is
2  **GRANTED.**
3      2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 15)** is
4  **DENIED.**
5      The District Court Executive is directed to file this Order,
6  provide copies to counsel for Plaintiff and Defendant, enter
7  judgment in favor of Defendant, and **CLOSE** this file.
8      DATED this 10th day of February, 2010.
9
10                              s/ James P. Hutton
                               JAMES P. HUTTON
11                     UNITED STATES MAGISTRATE JUDGE
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 20 -